UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: SEMPRIS MEMBERSHIP PROGRAM
MARKETING AND SALES PRACTICES
LITIGATION  MDL No. 2509

ORDER DENYING TRANSFER

**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, defendant Sempris, LLC (Sempris) seeks centralization in the Central District of California of four actions relating to defendants' alleged deceptive enrollment of plaintiffs in one of several "Membership Programs" which offer a variety of discounts or rebates and charge a recurring monthly fee after an initial trial period. This litigation currently consists of four actions pending in the Northern District of Illinois, the District of Massachusetts, the Western District of Michigan, and the District of Minnesota, as listed on Schedule A.

Plaintiffs in all four actions oppose centralization. According to Sempris: (1) defendants Quality Resources and E. Mishan & Sons, Inc., have no objection to the motion, and (2) defendant Health Pure Products, LLC d/b/a Health Resources takes no position on the merits of the Section 1407 motion, but if the motion is granted, it supports transfer to the Central District of California. Defendant Digital River, Inc., opposes centralization of the District of Massachusetts action to which it is a party and, alternatively, supports centralization in either the Central District of California or the District of Minnesota.

On the basis of the papers filed and hearing session held, we are not persuaded that Section 1407 centralization would serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation at the present time. This litigation consists of four actions brought by common counsel for plaintiffs that are pending in four districts. Plaintiffs bring fairly straightforward claims that may turn on whether they effectively consented to participate in one of the various Sempris membership programs. *See, e.g., In re: Intelius, Inc., Post-Transaction Sales & Mktg. Litig.*, 706 F. Supp. 2d 1374, 1375 (J.P.M.L. 2010) (denying centralization of "relatively straightforward consumer misrepresentation claims" presented in two actions). Further, the putative classes have minimal overlap because they are tailored to include only individuals doing business with the particular defendant in each case and, in some instances, only those individuals who were solicited with a telephone script materially similar to the one used on the respective plaintiff to that action.

Various mechanisms are available to minimize or eliminate the possibility of duplicative discovery even without an MDL. In these circumstances, informal cooperation among the relatively few involved counsel and coordination among the involved courts are, in our judgment, preferable to formal centralization. Notices of deposition can be filed in all related actions; the parties can stipulate that any

---

[*] Judges Paul J. Barbadoro and Lewis A. Kaplan did not participate in the decision of this matter

- 2 -

discovery relevant to more than one action can be used in all those actions; or the involved courts may direct the parties to coordinate their pretrial activities. *See In re: Crest Sensitivity Treatment and Prot. Toothpaste Mktg. and Sales Practices Litig.*, 867 F. Supp. 2d 1348 (J.P.M.L. 2012).

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of this litigation is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Marjorie O. Rendell          Charles R. Breyer
Sarah S. Vance              Ellen Segal Huvelle

**IN RE: SEMPRIS MEMBERSHIP PROGRAM
MARKETING AND SALES PRACTICES
LITIGATION**  MDL No. 2509

## SCHEDULE A

<u>Northern District of Illinois</u>

Bonnie Daniell v. Sempris, LLC, et al., C.A. No.1:13-06938

<u>District of Massachusetts</u>

Marcella Kist v. Sempris, LLC, et al., C.A. No. 1:13-10262

<u>Western District of Michigan</u>

Eric Herman v. Sempris, LLC, et al., C.A. No. 1:13-00020

<u>District of Minnesota</u>

Carol Maher v. Sempris, LLC, et al., C.A. No. 0:13-02202